**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERNDISTRICT OF NEW YORK**

---------------------------------------- X

CABLE FIRST CONSTRUCTION INC.,              :

               Plaintiff,              :

                             :

            v.              :              20-CV-06679(AKH)

                             :

LEPETIUK ENGINEERING CORP.,              :

              Defendant.              :

---------------------------------------- X

### STIPULATION AND CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Confidentiality Agreement and Order (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

    1.      All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

    2.      When used in this Order, the term:

        (a)      "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

            (i)      trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G);

            (ii)      confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise; or

            (iii)      Confidential Information shall include, but not be limited to, payments made and and rates of payment information.

(b)     **"Disclosing Party"** shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)     **"Discovery Material"** shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(d)     **"Document"** shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and S.D.N.Y. local rule 26.3(c)(2), and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(e)     **"Receiving Party"** shall refer to any party to this Action and any non-party that receives Confidential Information.

3.     A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4.     Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)     counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     the named parties[ and Court-appointed class representatives] including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(d)     outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e)     the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(f)     court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g)     during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h)     any mediator or arbitrator engaged by the named parties in connection with this Action;

(i)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.      A Disclosing Party may designate "**Highly Confidential Information**" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons other than the following is substantially likely to cause injury to the Disclosing Party:

(a)     counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(c)     outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(d)     the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(e)     court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(f)     during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(g)     any mediator or arbitrator engaged by the named parties in connection with this Action;

(h)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(i)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

6.      Designation of documents or other material as containing Confidential or Highly Confidential Information as set forth in Paragraphs 4 and 5 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

ONLY" on each page deemed Confidential or Highly Confidential, resepectively, in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential and Highly Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Confidential or Highly Confidential Information, and must specify for each portion the level of protection being asserted. When Confidential or Highly Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential or Highly Confidential Information shall be designated as Confidential or Highly Confidential in writing at the time it is delivered to the Receiving Party.

A party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". After the Receiving Party has identified the documents it wants copied and produced, the Disclosing Party must determine which documents, or portions thereof, qualify for protection under this Order and affix the appropriate legend before producing the documents.

7. A Disclosing Party may designate as Confidential or Highly Confidential any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential or Highly Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than 25 calendar days after receipt from the court reporter of the final deposition transcript. During such 25-day period, the parties shall treat the entire transcript as Highly Confidential. The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

8. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9.      Any person or entity in possession of Confidential or Highly Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.[ Confidential or Highly Confidential Information may be disclosed only to the named plaintiff[s] and not to any other member of the putative class unless and until a class including the putative class members has been certified.]

10.     Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential or Highly Confidential Information. If the Disclosing Party disseminates its own Confidential or Highly Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential or Highly Confidential Information that:

(a)      is or became public knowledge, not in breach of this Order;

(b)      was acquired by a party from a non-party having the right to disclose such information; or

(c)      was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

11.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must not later than 25 calendar days after learning of the disclosure (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

12.     If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

The Disclosing Party must notify the Receiving Party within 25 calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential or Highly Confidential Information.

(a)　　If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Information in the court that issued the subpoena or court order.

(b)　　If the Disclosing Party fails to object or seek a protective order from the court within 25 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential or Highly Confidential Information responsive to the subpoena or court order.

(c)　　Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13.　　Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within 15 calendar days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential or Highly Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

14.　　When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

15.　　No party shall be obligated to challenge the propriety of a designation of Confidential or Highly Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential or Highly Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within 10 calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential or Highly Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Confidential or Highly Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the

designation of any documents as Confidential or Highly Confidential or preventing any party from seeking further protection for any material it produces in discovery.

Disputes regarding the propriety of a designation of particular Confidential or Highly Confidential Information shall be submitted to the Court for resolution as follows:

(a)     Within 15 calendar days after the meet and confer, or by such other deadline as may be agreed in writing by the Disclosing Party, the party objecting to the claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b)     Within 15 calendar days after receipt of that draft letter, or by such other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

(c)     If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of Confidential or Highly Confidential Information shall be deemed lifted.

(d)     The letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation.

Nothing herein shall be deemed to change the burdens of proof established by applicable law.

16.     Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential or Highly Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential or Highly Confidential Information in connection with a motion, brief, or other submission to the court must comply with all applicable rules of the FRCP, S.D.N.Y. local rules, and the rules of any assigned judge or magistrate.  .

If only portions of a document contain confidential information, the party filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

17.     Within 14 calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential or Highly Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Whether the Confidential or Highly Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 14-day deadline that (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information. Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Order.

18.    Any non-party producing Confidential or Highly Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or non-parties as Confidential or Highly Confidential as consistent with the terms and provisions of this Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Information produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

19.    In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20.    This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential or Highly Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Highly Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential or Highly Confidential Information.

21.    Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22.    The parties agree that a designation of information as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Confidential or Highly

Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

23.     Nothing in this Order shall be deemed an admission that any particular Confidential or Highly Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c) or any other law.

24.     The treatment accorded under this Order shall survive the termination of this Action.

25.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.


Dated: Brooklyn, NY
       April 3, 2022


By: John Quaranta, *Plaintiff*
Cable First Construction, Inc.


Lepetuk Engineering Corp
By: Demetry Lepetiuk


Michael L. Walker, Esq.
*Attorney for Plaintiff*


Lewis P. Trippett, Esq.
*Attorney for Defendant*


**SO ORDERED.**


Dated: This 18 day of April , 2022 .

/s/ Alvin K. Hellerstein

ALVIN K. HELLERSTEIN
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERNDISTRICT OF NEW YORK

- - -- -- -- -- -- - -- - - - -- -- - - - - - - -- -- - -- X

CABLE FIRST CONSTRUCTION INC.,                      :

                       Plaintiff,      :

                                 :

              v.      :          20-CV -06679(AKH)

                                 :

LEPETIUK ENGINEERING CORP.,                         :

                 Defendant.      :

- - -- -- -- -- -- - -- - - - -- -- - - - - - - -- -- - -- X

## ACKNOWLEDGEMENT

I,_____John Quaranta_____, declare that:

1. I have received a copy of the Stipulation and Confidentiality Agreement and Order ("**Confidentiality Agreement**") in this Action.

2. I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Confidentiality Agreement.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6. I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_4/5/22_

Date                                             Signature

10

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERNDISTRICT OF NEW YORK**

------------------------------------- X

CABLE FIRST CONSTRUCTION INC.,      :

                   Plaintiff,     :

                              :

             v.               :         20-CV-06679(AKH)

                              :

LEPETIUK ENGINEERING CORP.,     :

                Defendant.    :

------------------------------------- X

### ACKNOWLEDGEMENT

I, _____Dmytro Lepetiuk_____, declare that:

1. I have received a copy of the Stipulation and Confidentiality Agreement and Order ("**Confidentiality Agreement**") in this Action.

2. I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Confidentiality Agreement.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6. I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

4/12/2022

_____              _____

        Date                             Signature